IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNA HAYS,

      Plaintiff,

v.                                                   USDC Civ. No. 17-700 JCH/KK

SOCIAL SECURITY ADMINISTRATION,
NANCY BERRYHILL, Acting Commissioner
of Social Security Administration,

      Defendant.

## ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Social Security Administrative Record (ECF No. 14) filed May 3, 2018, in support of Plaintiff Johnna Hays' ("Plaintiff") Complaint (ECF No. 1) seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for Title II disability insurance benefits; (2) the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (ECF No. 30), filed February 11, 2019; and (3) Defendant's Objections to Proposed Findings and Recommended Disposition ("Objections") (ECF No. 31), filed February 25, 2019. The Court, having considered the pending Motion and Objections, the record, and the relevant law, finds that Defendant's Objections are not well taken and will overrule them, adopt the Magistrate Judge's PFRD, and grant Plaintiff's Motion.

## I. Introduction[1]

On May 21, 2018, this Court issued an Order of Reference referring Plaintiff's Motion to United States Magistrate Judge Kirtan Khalsa for a recommended disposition. (ECF No. 20.) The Magistrate Judge filed a PFRD pursuant to the Order of Reference on February 11, 2019, recommending that the Court grant Plaintiff's Motion. (ECF No. 30.) Defendant timely filed Objections to the PFRD on February 25, 2019, and a response is not required. (ECF No. 31.) Plaintiff's Motion, the Magistrate Judge's PFRD, and Defendant's Objections are now before the Court.

## II. Analysis

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d at 1060.

In the PFRD, Judge Khalsa recommended remand on the ground that the ALJ did not adequately evaluate the opinions of Plaintiff's treatment providers in accordance with the

---

[1] The Magistrate Judge's PFRD thoroughly discussed the standard of review, the applicable law and sequential evaluation process, and the factual background and procedural history of this case. (ECF No. 30 at 1-7.) The Court will therefore refrain from repeating this information here.

governing legal standards. (ECF No. 30 at 14-22.) Specifically, she determined that the ALJ failed to provide the Court with a sufficient basis to determine that the ALJ's reasons for rejecting the opinions of Plaintiff's treating source physician and her two treating therapists accorded with the governing legal principles, and that the rationale provided by the ALJ for rejecting those opinions was not supported by substantial evidence. (ECF No. 30 at 22.) Defendant objects to the PFRD arguing that: (1) the ALJ's decision was consistent with the opinions of Drs. Brimberg, Mihm, Simutis, and Adamo, and other evidence in the record; (2) Dr. Sievert's and LPAT Zomerhuis' opinions were unreliable because they opined that Plaintiff had extreme and work preclusive limitations even after she had returned to work; (3) the ALJ sufficiently evaluated the opinions of Plaintiff's treating sources; and (5) the ALJ's opinion was supported by substantial evidence and was not based on cherry-picked evidence. (ECF No. 31 at 1-4)

The Court has considered Defendant's Objections and the relevant law, and, based on a *de novo* review of the record, finds that the Objections are without merit, and will adopt the Magistrate Judge's PFRD in whole.

### A. That the ALJ's decision is Consistent with the opinions of Drs. Brimberg, Mihm, Simutis, and Adamo Does Not Excuse Her Failure to Properly Evaluate the Opinions of Plaintiffs' Treatment Providers

Defendant objects to the PFRD on the ground that that the ALJ's decision to reject the opinions of Plaintiff's treating psychiatrist, Dr. Sievert and her treating therapists, LPAT Zomerhuis and LPCC Rabka, was supported by the opinions of Drs. Brimberg, Mihm, Simutis, and Adamo. (ECF No. 31 at 2.) Dr. Brimberg evaluated Plaintiff once in September 2012. (ECF No. 30 at 13.) The examination lasted for fifteen minutes. (ECF No. 30 at 13.) Drs. Mihm, Simutis, and Adamo were consultative examiners who reviewed Plaintiff's records, but who neither examined, nor treated her. (AR. 85-92, 109-21, 660-64.) Dr. Sievert was Plaintiff's

treating psychiatrist for more than two years. (ECF No. 30 at 7) LPCC Rabka and LPAT Zomherhuis were Plaintiff's therapists. (ECF No. 30 at 7-8.) LPCC Rabka saw Plaintiff seven times in 2013, and LPAT Zomherhuis treated Plaintiff twenty-four times from July 2013 through September 2014. (ECF No. 30 at 8.)

Dr. Sievert was a "treating source" and a specialist in the area in which his opinion was given. (ECF No. 30 at 15, 17.) Pursuant to the governing regulations, the medical opinion of a treating source, particularly one who is specialist on the issue to which his opinions relate, and who has examined social security claimant is generally given more weight than the opinion of a medical source who has not examined her. 20 C.F.R. § 404.1527(c)(1), (5). This is because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations[.]" 20 C.F.R. § 404.1527(c)(2). Moreover, a treating doctor's opinion must be accorded controlling weight if it "is well-supported and not inconsistent with the other substantial evidence in the case record." SSR 96-2p, 1996 WL 374188, at *1. While the ALJ may decide to give less than controlling weight to a treating source's opinion, she must make her reasons for doing so "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), guided, generally, by the six factors[2] enumerated in *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). The Court agrees with the Magistrate Judge's conclusion that the ALJ's decision does not satisfy these standards. (ECF No. 30 at 16-18.)

---

[2] These factors, and the relevant legal standards are provided in detail in the PFRD, and need not be reiterated here. (ECF No. 30 at 15.)

While the ALJ was entitled to consider the fact that the medical opinions of Drs. Brimberg, Mihm, Simutis, and Adamo were inconsistent with those offered by Dr. Sievert as a basis for giving Dr. Sievert's opinions less than controlling weight, in so doing, she also was required to discuss other substantial evidence in the record—including the consistency of Dr. Sievert's opinions with those offered by Plaintiff's treating therapists, among other considerations. 20 C.F.R. § 404.1527(e) (indicating that medical or psychological consultative examiners' opinions are governed by 20 C.F.R. § 404.1513(a)); 20 C.F.R. § 404.1513(a)(2) (defining categories of evidence, including "[a] medical opinion" which "is a statement from a medical source about what [a claimant] can still do despite [her] impairments" and whether she has impairment-related limitations or restrictions); *see Watkins*, 350 F.3d at 1301 (requiring the ALJ to consider, among other things, the degree to which the physician's opinion is supported by relevant evidence, and the consistency between the opinion and the record as a whole); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (stating that the ALJ is required to discuss the significantly probative evidence that she rejects). As set forth in the PFRD, it is not clear that the ALJ's decision comports with these legal standards. (ECF No. 30 at 16.)

Relatedly, the opinions of Plaintiff's treating therapists as, "other sources," with "greater knowledge of [her] functioning over time" may, under some circumstances, outweigh the opinion of a medical source. SSR 06-03p, 2006 WL 2329939, at *6. (ECF No. 30 at 19.) While the ALJ may not necessarily have erred in rejecting the opinions of LPCC Rabka and LPAT Zomherhuis in favor of the opinions of Drs. Brimberg, Mihm, Simutis, and Adamo, the Court agrees with the Magistrate Judge's conclusion that the ALJ's reasons for doing so were not properly supported by citations to substantial evidence in the record or by a clear application of the governing legal principles. (ECF No. 30 at 19-22.) On remand, should the ALJ reject the opinions of LPCC Rabka

5

and LPAT Zomerhuis, the ALJ's reasoning should be supported by substantial evidence in the record and should reflect the ALJ's application of governing legal standards, particularly those set forth in SSR 06-03p, 2006 WL 2329939, at *4-5, to these opinions.

> **B.     Defendant's Reliability Objection to the September 2016 Opinions of Dr. Sievert and LPAT Zomerhuis**

Defendant also objects to the PFRD on the ground that the opinions of LPAT Zomerhuis and Dr. Sievert were unreliable because they assessed Plaintiff as having work-preclusive limitations after she returned to work in 2016. (ECF No. 31 at 2.) The record reflects that Dr. Sievert's September 2016 opinion was based upon Plaintiff's medical history from 2011 through the date of the examination; and LPAT Zomerhuis' September 2016 opinion was based on Plaintiff's medical history from September 2015 through the date of the examination. (AR. 1261, 1406.) That Plaintiff returned to work in August 2016—outside the closed period of disability does not constitute substantial evidence from which to conclude that Dr. Sievert and LPAT Zomherhuis' opinions were unreliable. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."); *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (stating the general proposition that the ALJ's findings must be supported by substantial evidence, and that *all* relevant evidence must be considered in making these findings). Defendants' objection to the contrary is not persuasive.

> **C.     The Court Agrees with the Magistrate Judge's Conclusion that the ALJ Did Not Adequately Evaluate the Opinions of Plaintiff's Treatment Providers According to the Governing Legal Standards**

Defendant objects, generally, to the Magistrate Judge's conclusion that the ALJ did not sufficiently explain her weighing of the regulatory factors for evaluating medical opinions. (ECF No. 31 at 3.) Defendant argues that the ALJ "summarized the medical evidence, discussed each

6

of the opinions, and gave valid regulatory reasons for the weight accorded." (ECF No. 31 at 3.) Relying on the principle, stated in *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), that the ALJ was not required to articulate every regulatory factor in evaluating medical opinions, Defendant argues that the ALJ's opinion was "sufficient." (ECF No. 31 at 3.) The Court does not agree.

Having reviewed the record, the Court agrees with the Magistrate Judge's conclusion that the ALJ's decision does not reflect the degree to which the ALJ "accounted for the length of the treatment relationship or the frequency of the examinations, or a consideration of the degree to which Dr. Sievert's opinions were supported by his own treatment notes and the medical evidence and therapy treatment notes found in the record as a whole" pursuant to the governing legal standards set forth in *Watkins*, 350 F.3d at 1301. (ECF No. 30 at 17.) The ALJ's analysis of the opinions of LPCC Rabka and LPAT Zomherhuis was similarly lacking. As set forth in the PFRD, in rejecting these "other source" opinions, the ALJ should have, but failed to, discuss relevant factors such as: the length of the treatment relationship; the consistency of their opinions with the substantial evidence in the record; and the degree to which their opinions were supported by their own treatment notes. (ECF No. 30 at 19-20.) SSR 06-03p, 2006 WL 2329939, at *4-5. Although "[t]he ALJ is not required to mechanically apply [every regulatory factor] in a given case" *Ringgold v. Colvin*, 644 F. App'x 841, 843 (10th Cir. 2016), she must nevertheless explain the weight given to opinions from other medical sources and non-medical sources who have seen a claimant in their professional capacity, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *1. Because the ALJ appears to have disregarded substantial portions of the

7

record that supported the opinions of Plaintiff's treatment providers while selectively relying on those portions of the record that supported her determination of non-disability, and, in so doing, appears to have disregarded the factors that could have facilitated the Court's review of her analysis of these opinions, the Court agrees with the Magistrate Judge's conclusion that remand is appropriate. Defendant's objection to the contrary is not persuasive.

### D. The ALJ Ignored Substantial Evidence in the Record

Finally, Defendant objects to the Magistrate Judge's conclusion that the ALJ relied on selective, or cherry-picked, evidence in rejecting the opinions of Dr. Sievert, LPCC Rabka, and LPAT Zomerhuis. (ECF No. 30 at 14, 20-21; ECF No. 31 at 4.) Citing *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009), for the proposition stated therein that "[t]he ALJ is not required to discuss every piece of evidence[,]" Defendant generally asserts that the ALJ's decision is supported by substantial evidence. (ECF No. 31 at 4.)

While the ALJ was not required to discuss every piece of evidence, it is well established that an ALJ "may not pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). As set forth in the PFRD, Dr. Sievert's opinion was based on Plaintiff's medical records spanning five years. (ECF No. 30 at 17.) Plaintiff's medical records reflected that she consistently experienced significant psychological symptoms throughout that time frame. (ECF No. 30 at 17.) The ALJ's cursory observation that Plaintiff's treatment records "show ongoing symptoms" and that Dr. Sievert "can be expected to have some familiarity" with Plaintiff's mental health condition, does not adequately explain why the ALJ chose to reject Dr. Sievert's substantially supported opinions in favor of the opinions of Dr. Brimberg—who examined Plaintiff once, for fifteen minutes, and the consultative medical examiners who never examined Plaintiff.

20 C.F.R. § 404.1527(c)(2) (stating that, generally, more weight is given to a given more weight than the opinions of treating sources).

Furthermore, as discussed in the PFRD, the ALJ's reasons for rejecting the opinions of Plaintiff's therapists similarly exemplify that the ALJ engaged in impermissible evidentiary cherry-picking to support her decision. (ECF No. 30 at 20-21.) Without reciting the Magistrate Judge's analysis, with which the Court agrees, the ALJ overlooked the therapists' treatment notes, failed to analyze the degree to which they were consistent with Dr. Sievert's treatment notes, and rejected the therapists' opinions based on a selection of records from other treatment providers (a single treatment note from a social worker, and a single note from therapist who treated Plaintiff after LPAT Zomerhuis ended her treatment of Plaintiff), and relied heavily on the fact that Plaintiff attended school and that she obtained employment *after* the closed period of disability. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (stating that the Court must determine whether an ALJ's findings are supported by substantial evidence; and a decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it"). While the Court will not weigh, or re-weigh the evidence, *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000), the Court cannot conduct a meaningful review of an ALJ's decision where the analysis omitted substantial portions of relevant evidence while relying on what appears to be carefully-selected portions of the record that support a determination of non-disability.

In sum, the Court agrees with the Magistrate Judge's conclusion that the ALJ cherry-picked evidence to support her conclusion. Defendant's objection in this regard shall be overruled.

### III. Conclusion

For all of the above reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, the Court finds that Defendant's Objections are without merit, and that the Magistrate Judge's PFRD should be adopted in whole. **IT IS THEREFORE ORDERED** as follows:

1. Defendant's Objections to Magistrate's Recommendation (ECF No. 31) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (ECF No. 30) is **ADOPTED**; and,

3. This matter is remanded for proceedings consistent with the Magistrate Judge's Proposed Findings and Recommended Disposition.

**IT IS SO ORDERED.**

_____
**JUDITH HERRERA**
**United States District Judge**